[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
State Medicaid regulations provide in pertinent part that, in order for an institutionalized recipient to qualify for a "diversion" of her income to pay for the cost of maintaining a home in the community, "the likelihood of the institutionalized individual's returning to the community within six months [must be] certified by a physician." Connecticut Department of Social Services, Uniform Policy Manual § 5035.20 B.7.b (1998). The hearing officer in this case upheld the Department of Social Services initial determination that the plaintiff was admitted to a facility on a long-term basis and therefore does not qualify for a diversion of income to maintain a home in the community. (Return of Record, pp. 1-3.) There is no evidence in the record of a certification by a physician that the plaintiff was likely to return to the community within six months of the time period in question. Accordingly, the hearing officer's conclusion was not unreasonable, arbitrary, illegal, or an abuse of discretion. See MacDermid v.Department of Environmental Protection, 257 Conn. 128, 137, 778 A.2d 7
(2001). For these reasons, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court